THE UNITED STATES BOND & MORTGAGE COMPANY *v.* REDDICK.

4-5635 133 S. W. 2d 23

Opinion delivered November 6, 1939.

*Marsh & Marsh,* for appellant.

*Joe K. Mahony, H. S. Yocum, Emon A. Mahony* and
*Charles E. Wright,* for appellee.

McHANEY, J. On November 21, 1912, J. Franklin
Reddick, hereinafter referred to as Frank Reddick, a
resident of Texas at that time, and still is, purchased
a forty-acre tract of land in Union county, Arkansas,
for a home for his mother, and for the appellees, his
brother and wife, to live thereon and take care of their
mother. The mother and appellees moved on said land
in 1913, and continued to live there until after the moth-
er's death in 1923. Frank Reddick paid the purchase
price for and received a deed to said land in his name
from C. G. Dumas and wife, the then owners of said
land.

In 1931, Frank Reddick, being insolvent, filed a
voluntary petition in bankruptcy in the United States
District Court at Dallas, Texas, and in Schedule B, a
statement of all property of the bankrupt, he listed the
forty acres of land in controversy among his assets
at a valuation of $600 and swore that he was the owner
thereof. Thereafter, at a sale of the bankrupt's as-
sets, appellant became the purchaser of this forty-acre
tract. The sale was approved and a deed issued to it
by the trustee.

On April 5, 1935, appellant brought an action in
ejectment against appellees to recover the possession

of said land, alleging ownership thereof and deraigning its title as above stated. Appellees answered, denying appellant's ownership, and asserting title in themselves. They pleaded adverse possession for more than seven years and that their possession had been open, notorious, peaceable, and without any adverse claims, and they, therefore, pleaded the seven years' statute of limitations and adverse possession in bar of the action. On a trial, appellees based their claim in addition on the ground of an oral contract with Frank Reddick to convey said land to them in consideration of their moving on the place and taking care of the mother during her lifetime.

Trial resulted in a decree in appellees' favor from which is this appeal.

We think the court erred in so holding. The undisputed facts, in addition to those above stated, are that the record title to this land has at all times since its purchase been in Frank Reddick, with the exception that in 1920 he conveyed same to A. V. Warner and the latter, on the same date executed a deed back to Frank Reddick, but which latter deed was not recorded until some time later. The land was assessed in the name of Frank Reddick and the taxes paid in his name from the year 1915 to the year 1930. In 1922, before his mother's death, this land became valuable because of the discovery of oil and gas in its vicinity, and in that year Frank Reddick executed and delivered an oil and gas lease on said land to the Humble Oil & Refining Company for a consideration of $3,400, paid in cash, which was more than eleven times the $300 purchase price paid by him to Dumas. All of this was well known to appellee. The lease just mentioned retained a one-eighth royalty interest in the oil and gas produced therefrom in Frank Reddick. It was a five-year lease, renewable annually by payment of a consideration which was payable to Frank Reddick. After the expiration of this lease, another lease was executed between the same parties for a consideration of $40, but appellee, Harvey Reddick, says that this $40 was paid to him by his brother. Like reservations of royalty were provided in this lease in favor of Frank Reddick, as also annual pay-

ments to renew the lease from year to year for a period of five years. Appellees made no objection to his brother's having exercised these acts of ownership over said land, although he says it was his land at that time because his brother had agreed for him to have it for the consideration aforesaid. The land was attached in 1930 by the sheriff of Union county under a writ issued out of the circuit clerk's office on a judgment in the case of *Dallas Bank & Trust Company* v. *J. Frank Reddick*. At the time the sheriff posted the notice on the land, appellee did not claim the property as his own, did not intervene in the suit, but merely asked the sheriff to send the notice of levy to his brother, Frank Reddick. This land was sold for taxes on January 8, 1931, for the taxes of 1930, but said appellee did not redeem it as he could have done if he had claimed to be the owner, but he says he purchased the collector's certificate of purchase from one Clark, the purchaser at the tax sale, and that he paid Clark $100 for his certificate of purchase, when he could have redeemed from the sale, if he were the owner, for $11.99 and interest.

As against this evidence of ownership of Frank Reddick, and other facts and circumstances that might be detailed, appellees claim to own this land by virtue of the oral agreement above set out and are corroborated to some extent by the testimony of several witnesses who say they heard Frank Reddick state that he had given this place to his brother to take care of his mother, or that he was going to give it to him on this account. The value of this testimony depends upon the memory of witnesses running back approximately twenty-five years. Frank Reddick did not testify in this case, and it seems reasonable to believe that if he had made any such agreement with his brother appellees would have either had him present to testify to such fact or have taken his deposition in this case. The failure to produce Frank Reddick as a witness in his favor is a circumstance tending to show that Frank Reddick would not have so testified.

The rule, in cases such as this, is that where an attempt is made to overcome a record title with a con-

tract resting in parol, it is necessary to establish the oral contract by clear, decisive and convincing testimony. *Walker* v. *Eller,* 178 Ark. 183, 10 S. W. 2d 14. We think the evidence tending to support the oral contract relied upon falls far short of measuring up to the requirements of the rule. In fact, we think that the preponderance of the evidence is against the finding of the trial court.

Nor do we think appellees can avail themselves of the plea of adverse possession and limitations for the reason that the proof shows that their possession was permissive. He went into possession of the land with the consent of Frank Reddick, to make a home for his mother. There is no showing in this record that he, at any time, brought home to Frank Reddick his claim of ownership. As said in *Watson* v. *Hardin,* 97 Ark. 33, 132 S. W. 1002, to quote a syllabus: "To be adverse, possession of land must be actual, open, continuous, hostile, exclusive, and be accompanied with an intent to hold adversely to the true owner." The statute of limitations (Pope's Dig., § 8918) would not begin to run in this case until he had brought home to Frank Reddick notice that he was holding adversely to him. As late as January 27, 1931, when Frank Reddick listed his assets in bankruptcy, he was still claiming to be the owner of said land. Up to that time, it had been assessed in his name and the taxes paid in his name; so up to that time, it does not appear that Frank Reddick had any notice that his brother was claiming title to said land.

The judgment will therefore be reversed, and the cause remanded with directions to grant appellant the relief prayed in his complaint.